UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80810-CIV-CANNON

**JEFFREY BERK**,

    Plaintiff,
v.

**SEPIDEH MOAZZANI**,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand, filed on June 2, 2021 [ECF No. 15]. The Court has reviewed the Motion [ECF No. 15], Defendant's Response in Opposition to the Motion [ECF No. 26], Plaintiff's Corrected Reply in Support of the Motion [ECF No. 31], Defendant's Sur-Reply in Opposition [ECF No. 34], Plaintiff's Sur-Sur-Reply in Support of the Motion [ECF No. 37], and the full record in this case. For the reasons set forth below, Plaintiff's Motion to Remand [ECF No. 15] is **GRANTED**, and this matter is remanded to the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida.

## BACKGROUND

This is a defamation action arising out of various Instagram posts allegedly disseminated by Defendant Sepideh Moazzani about Plaintiff Jeffrey Berk, his spouse Michelle Berk, and the couple's luxury accessory company, Maison Privé L.L.C. ("Privé").

Beginning in May 2015, Moazzani and Michelle Berk became acquainted through social media [ECF No. 26-6 p. 3; ECF No. 1-2 pp. 2–3]. Moazzani introduced herself as a licensed real estate agent and as a collector of luxury watches and handbags [ECF No. 1-2 pp. 2–3]. In March 2020, Moazzani visited the Berk couple at their home in Florida [ECF No. 26-6 p. 3].

Around the time of that visit, Moazzani entered into several business transactions with Privé [ECF No. 26-6 p.3]. Pursuant to one such agreement, Moazzani and Privé agreed to exchange high-end watches and handbags throughout July and August 2020 [ECF No. 26-6 p. 3]. This agreement was not memorialized in written form, and there is disagreement as to the valuation of certain items involved [ECF No. 26-6 p. 3]. In August 2020, Moazzani failed to transfer the watches to Privé [ECF No. 26-6 p. 3]. As a result, Moazzani's relationship with Privé and its principals deteriorated to the point where Michelle Berk began sending "threatening and hateful messages" to Moazzani on social media [ECF No. 26-6 p. 3].

In August 2020, to recover the luxury goods, Privé initiated a lawsuit against Moazzani in in the Ontario Superior Court of Justice (the "Canadian Court") [ECF No. 26-1 (August 17, 2020)]. Once those Canadian proceedings commenced, Moazzani brought a counterclaim against Privé and the Berks alleging defamation stemming from those messages, and seeking injunctive relief [ECF No. 26-2 pp. 17–44; ECF No. 26-6 pp. 17–21].

In September 2020, the Canadian Court issued an order (1) directing Privé and the Berks to delete all of the posts they had uploaded concerning Moazzani, (2) enjoining Privé and the Berks from uploading similar posts in the future, and (3) enjoining Privé and the Berks from contacting or coming within one thousand feet of Moazzani and her family [ECF No. 26-6 pp. 17–21]. Privé and the Berks opposed the grant of injunctive relief, arguing to the Canadian Court, as an equitable matter under the doctrine of "unclean hands," that no injunction should issue because Moazzani herself had disseminated allegedly defamatory post through an Instagram account named "@scamialert" [ECF No. 26-6 p. 15; ECF No. 1-2 pp. 5–7].[1]

---

[1] Defendant denies being the owner or operator of the @scamialert Instagram account [ECF No. 26-6 p. 15].

After the Canadian Court rejected Privé and the Berks' argument as to the injunction, Berk commenced this action in the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida [ECF No. 1-1; ECF No. 1-2]. Defendant timely removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 [ECF No. 1 p. 2].[2] Plaintiff then filed the instant motion to remand, challenging the amount-in-controversy [ECF No. 15].

## LEGAL STANDARD

District courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and there is diversity of citizenship. *See* 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The sufficiency of the amount in controversy is determined at the time of removal. *Pretka*, 608 F.3d at 751. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. Instead, a removing defendant is required only to prove that the amount in controversy "more likely than not exceeds the [applicable] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

## DISCUSSION

The jurisdictional issue in dispute is whether the amount in controversy exceeds $75,000. Plaintiff's Complaint alleges three defamation causes of action under alternative theories of

---

[2] On April 26, 2021, the state court entered an Order extending the time for Defendant to respond to Plaintiff's complaint to May 14, 2021. Thus, Defendant's removal was timely.

defamation—defamation, defamation *per se*, and defamation by implication [ECF No. 1-2 pp. 1–15].

All three defamation claims incorporate in general terms the same allegedly defamatory statements made by Moazzani regarding the Berks and Privé [ECF No. 1-2 ¶¶25, 32, and 39 (incorporating same paragraphs 1–24)]. As for damages, the Complaint alleges that Plaintiff "has damages in excess of $30,000 as to each claim set forth herein," and it does not reference particular allegations quantifying or otherwise specifying the requested amount of monetary relief [ECF No. 1-2 p. 1 ¶2; *see* ECF No. 1-2 pp. 8–10 (generally seeking damages for "[r]eimbursement of Mr. Berk's expenditures and costs to determine the amount of damages Mr. Berk has suffered due to Defendant's defamatory conduct," "general damages, special damages and compensatory damages (Mr. Berk will move this Court for punitive damages) for the harm caused to Mr. Berk's personal and business reputations as a result of Defendant' defamatory statements," and "[d[amages, in an amount to be determined at trial")].

It is not facially apparent from the face of Berk's Complaint that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Pretka*, 608 F.3d at 754. The Court therefore turns to the notice of removal and to the evidence proffered by Moazzani relevant to the amount in controversy. *Id*.

Relying on the Canadian proceedings described above, Moazzani's main argument in opposition to remand is that the amount in controversy exceeds $75,000 because Privé filed a substantially similar defamation claim against Moazzani in Canada and sought damages of $1,500,000 in that action [ECF No. 1 p. 3; ECF No. 26 p. 3]. Moazzani does not offer authority endorsing reliance on foreign proceedings in this context, arguing more generally that the Canadian action is relevant because it arises from the same set of allegedly defamatory statements

4

involving effectively the same parties [ECF No. 1 p. 3; ECF No. 26 p. 3].[3] Moazzani also attempts to meet her burden by relying on what she suggests is a "common sense" inference—i.e., that because Berk is claiming harm to his "stellar" and "worldwide" reputation as a leading seller of luxury items, it is reasonable to conclude that the amount in controversy significantly exceeds $75,000 [ECF No. 1 p. 3; ECF No. 26 pp. 11–12]. Berk responds that Moazzani's inferences are speculative and insufficient to satisfy Moazzani's burden to establish the amount in controversy by a preponderance of the evidence [ECF No. 15 pp. 4–9 (citing *Pretka*, 608 F.3d at 754 (acknowledging that reasonable deductions, reasonable inferences, or other reasonable extrapolations can establish jurisdiction only when combined with specific factual allegations))].

Following a review of the record, the Court finds that Moazzani has not satisfied her burden to prove the requisite amount-in-controversy by a preponderance of the evidence. The Canadian action sheds light on the background of the parties' disputes, now brought by Berk in his individual capacity. But removal statutes are to be construed narrowly, resolving any uncertainties in favor of remand, and Moazzani has cited no authority authorizing reliance on similar foreign actions to measure the value of an amount-in-controversy in a separate legal proceeding. Moazzani also urges this Court to draw inferences about the monetary value of alleged damage to Berk's reputation, but the record lacks specific allegations to support those inferences, and the Court will not engage in guesswork to support jurisdiction. *See generally Pretka*, 608 F.3d at 754 (citing *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770–71 (6th Cir. 2009)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991)).

---

[3] The defamation action in Canada was filed by Jeffrey Berk, Michelle Berk, and Privé against Moazzani. This defamation action has been filed by Jeffrey Berk alone against Moazzani.

CASE NO. 21-80810-CIV-CANNON

Defendant has failed to meet her burden to establish that the amount in controversy in this action exceeds $75,000.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand [ECF No. 15] is **GRANTED.**

2. This case is **REMANDED** for disposition in the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, Florida.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Pierce, this 21st day of October 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record